

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:                    Opinion No. O-1622
                             Re: Is a highway patrolman or any
                                 other member or employee of
                                 the Department of Public Safe-
                                 ty authorized to accept a re-
                                 ward for the apprehension of
                                 an escaped prisoner under Art-
                                 icle 6166z-3, V. A. C. S?

        This will acknowledge receipt of your letter
asking our opinion as to whether a highway patrolman or
any other member or employee of the Department of Pub-
lic Safety is authorized to accept a reward for the ap-
prehension of an escaped prisoner under Article 7166z-3,
Vernon's Annotated Civil Statutes, 1925. We are confi-
dent the designation of the article number was a typo-
graphical error and that you intended to say Article
6166z-3, reading as follows:

        "The manager, with the Board's
    approval, may offer such reward for the
    apprehension of an escaped prisoner, as
    may be fixed by the manager and to be
    paid as directed by the manager."

        The above quoted article is from Title 108 of
the Revised Civil Statutes of Texas, 1925, as amended
by the Acts of the 40th Legislature, 1927, Ch. 212, p.
298, dealing with the Texas Prison System. The statute
you refer to authorizes the manager of the Prison Sys-
tem to offer rewards for the apprehension of criminals
escaping from the penitentiary, the amounts to be de-
termined by the manager with the approval of the board,
and "to be paid as directed by the manager."

Honorable George H. Sheppard, page 2


Obviously the statute vests a wide latitude
of discretion with the manager of the Texas Prison Sys-
tem, the Legislature evidently recognizing the need
therefor because of the opportunity of that official
to know the facts concerning each individual prisoner,
the seriousness of the offense for which convicted,
the conduct and behavior of the convict and the possible
difficulties likely to be faced in effecting a recapture.
We are of the opinion the Legislature had full authority
to grant such prerogative to the prison manager.

We have a paucity of authority in Texas upon
the subject we are now considering. We have been unable
to find any recent Texas decisions applying the law
on the right of public officers to receive rewards, but
we think the following quotation from Texas Jurispru-
dence (36 Tex. Jur. 969) to be apt:

"As a general rule, any person who
has complied with the terms of the offer
may recover the reward. On the other hand,
it is settled that a public officer is not
entitled to a reward beyond his legal fees
for services which it was his official duty
to perform. Thus, a peace officer who ar-
rested a criminal while acting within the
line of his official duty cannot recover a
reward offered for the arrest of such of-
fender. This rule has been declared to be
a sound one, and it is based upon principles
of public policy; but it does not apply
where the arrest was made by the officer
as a private citizen and not within the
line of his official duty."

The text cites the early cases of Kasling v.
Morris, 71 Tex. 584, 9 S. W. 739, 10 Am. St. Rep. 797;
Southwestern Telegraph & Telephone Co. v. Priest, 31
Civ. App. 345, 72 S. W. 241; Ellis v. Stone, 4 Civ.
App. 157, 165, 23 S. W. 405. Also see 38 Tex. Juris.
539.

In the Kasling case, supra, the store of de-
fendant Morris was burglarized; Morris offered $1,000
reward for the arrest and conviction of the guilty per-
son or persons. The plaintiff Kasling was constable
of the precinct where the crime occurred. Morris re-

fused to pay the reward after Kasling arrested the thief and was instrumental in obtaining a conviction. The district court gave judgment for the defendant, but the Supreme Court reversed and remanded the case for trial, holding under the statutes making it the duty of peace officers to preserve the peace and execute all process directed to them, that searching for unknown criminals was not a part of their official duty, and that a constable may recover a reward for the arrest and conviction of a criminal in his own precinct, the offer having induced the constable to make the search.

The case of Ellis v. Stone, supra, held a county surveyor to be entitled to fees greater than allowed by statute for locating and surveying land outside his county.

In the case of Southwestern Telegraph & Telephone Company v. Priest, supra, it appears that the telephone company offered a reward for conviction of any person guilty of cutting its wires in violation of a specific article of the penal code. The court held that a constable who arrests a person for a misdemeanor, in the discharge of his duties as an officer, is not entitled to a reward.

In all of the above Texas cases the offerer was a private individual or corporation. There is a distinction between the right of an officer to take a reward from a private individual for the performance of his official duty and his right to such a reward when offered by statutory authority. See 54 C. J. 788; United States v. atthews, et al, 173 U. S. 381, 19 S. Ct. 413, 43 L. Ed. 738; Barry v. Croic, 8 Pa. Dist. & Co. 544; Commonwealth v. O'Brien, 22 Pa. Dist. 1045, 41 Pa. Co. 255, and other cases cited in Corpus Juris; 23 R. C. L. 1128.

The United States Supreme Court case of U. S. v. Matthews, et al, supra, seems analogous to our situation. The plaintiffs were, one a regular and the other a specially appointed U. S. deputy marshal. They claimed five hundred dollars, the sum of a reward offered by the Attorney General for the arrest and conviction of one Asa McNeil, who was accused of having been concerned in the killing of one or more revenue officers. The officers arrested McNeil, and he was tried and convicted. Suit was brought in consequence of a refusal to pay the reward. The Court

of Claims gave judgment for the plaintiffs and the United States appealed.

In an able opinion by Justice White, a majority of the court held the officers entitled to recover, affirming the Court of Claims. The court held that a reward expressly offered by competent legislative and executive authority for the arrest of a criminal by a public officer, even though it would be the duty of the officer to arrest said criminal, is not contrary to public policy; that the statute gave the Attorney General discretion to whom to offer the reward and that a general offer of a reward included deputy marshals who had the right to take the offered reward for the arrest; and that when the reward was sanctioned by an appropriation act and was within the offer of the Attorney General, it was removed from the provisions of other statutes denying extra compensation to officers.

The court further held that the Attorney General could have restricted the offer so as to exclude officers, and such restriction would have been binding upon them, but not having made such reservation, the court had no power to insert it.

We quote from Justice White's opinion in part:

"It is undoubted that both in England and in this country it has been held that it is contrary to public policy to enforce in a court of law, in favor of a public officer, whose duty by virtue of his employment required the doing of a particular act, any agreement or contract made by the officer with a private individual, stipulating that the officer should receive an extra compensation or reward for the doing of such act. An agreement of this character was considered at common law to be a species of quasi extortion, and partaking of the character of a bribe. * * * (Citing cases.) The broad difference between the right of an officer to take from a private individual a reward or compensation for the performance of his official duty, and the capacity of such officer to receive a reward expressly authorized by competent legislative authority and sanctioned by the legislative officer to whom the legislative

power has delegated ample discretion to offer the reward, is too obvious to require anything but statement."

Upon inspection of the departmental appropriation bill (S. B. 427, Acts 46th Legislature), we find the sum of $375,000.00 appropriated for each year of the biennium for "General Support and Maintenance; also includes transportation, recapture, contingent expenses and liability insurance premiums." This would seem to include the rewards authorized by Article 6166z-3.

It is our opinion that if the prison manager's offer to pay rewards for the recapture of escaped convicts as authorized by Article 6166z-3, Vernon's Annotated Civil Statutes, is a general one, there is no prohibition in our law against the acceptance of such reward, if earned by a highway patrolman or other employee of the Department of Public Safety.

Trusting the above satisfactorily answers your inquiry, we are,

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Benjamin Woodall*

Benjamin Woodall
Assistant

APPROVED NOV 6, 1939

BW:LW

FIRST ASSISTANT
ATTORNEY GENERAL


APPROVED
OPINION
COMMITTEE